USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                     :
FRED ALSTON, *as a Trustee of the Local 272 Labor-*  :
*Management Pension Fund and a Trustee of the Local 272* :
*Welfare Fund*,                                                  :            1:24-cv-5971-GHW
                                                     :
                                       Plaintiff,  :                 <u>ORDER</u>
                                                     :
                               -v-                             :
                                                     :
1699 NEW YORK AVE PARKING LLC,             :
                                                     :
                                       Defendant.  :
                                                     :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Plaintiff commenced this action on August 6, 2024, alleging that Defendant 1699 New York Ave Parking LLC has failed to make required contributions for a pension fund and welfare fund for which Plaintiff serves as a trustee. Dkt. No. 1 ("Compl.") ¶¶ 18–21. As the basis for venue, the complaint alleges that, "[a]t all times relevant hereto, defendant has been doing business in this district . . . ." Compl. ¶ 10. The Court accepts that allegation as true, as it must at this stage of the case. However, the Court also notes that the address contained in Defendant's name, 1699 New York Ave., appears to be in Brooklyn, which in turn is in the Eastern District of New York. *See* 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . .").

       Federal Rule of Civil Procedure 11(b) provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Rule 11(c) provides that if "after notice and a reasonable

opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Plaintiff or his counsel may be subject to sanctions under Rule 11(c) if the complaint's factual contention that Defendant conducts business in the Southern District of New York lacks evidentiary support. *See* 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester . . . ."). The Court encourages counsel for Plaintiff to confirm the accuracy of the complaint's asserted basis for venue. If Defendant instead conducts business in the Eastern District of New York, Plaintiff may submit a letter requesting the transfer of this action to that District.

Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service.

SO ORDERED.

Dated: August 7, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge